793 F.2d 1294
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
EDWINA WILLIAMS, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 85-1458
 United States Court of Appeals, Sixth Circuit.
 5/7/86
 
 REVERSED AND REMANDED
 E.D.Mich.
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
 BEFORE: KRUPANSKY and WELLFORD, Circuit Judges; and PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff Edwina Williams (the plaintiff) appealed the district court's grant of summary judgment in favor of defendant Secretary of Health and Human Services (the Secretary), affirming the Secretary's denial of disability insurance benefits to the plaintiff. The plaintiff had previously received benefits for two periods, April 1976 through November 1978, with a diagnosis of disabling paranoid schizophrenia, and November 1979 through November 1981, with a diagnosis of disabling lumbrosacral strain and right side sciatica. The plaintiff reapplied for Social Security benefits in November 1982, alleging an onset of disability of April 1975 as a result of her mental condition and back injury, which application was denied.
 
 
 2
 The record disclosed that the plaintiff had been treated for paranoid schizophrenia as both as inpatient and outpatient at Henry Ford Hospital from 1975 to the present. She was diagnosed as suffering from acute psychotic episodes, manifested chronic paranoid schizophrenia, delusions, and auditory hallucinations, exhibited an alcohol consumption and drug overdose problem, suffered from depression and a sense of hopelessness, and displayed possible suicidal tendencies. Several psychiatric consultants, including those requested by the Secretary, observed the plaintiff's antisocial behavior and impaired ability to relate to others, grossly distorted sense of reality, illogical thinking, and restricted daily activities and concluded that the plaintiff suffered from paranoid schizophrenia with a generally poor prognosis of recovery and poor response to treatment efforts. The ALJ declined to consider the plaintiff's claim under the Listing of Impairments and specifically under Sec. 12.03 relating to schizophrenic, paranoid, and other psychotic disorders, 20 C.F.R. Pt. 404, Subpt. P, App. 1, Sec. 12.03, on the asserted basis that the plaintiff's condition was not attended by the requisite clinical findings, and concluded that a significant number of jobs existed which the plaintiff could perform.
 
 
 3
 Having considered the record on appeal and the briefs and arguments of the parties, this court is constrained to conclude that the Secretary's determination is not supported by substantial evidence. The medical documentation of plaintiff's mental impairment was fully consistent with that required by Sec. 12.03 of the Listing of Impairments and established the requisite degree of restriction of daily activities, constriction of interests, and impairment of ability to relate to others, among other things. Accordingly, the judgment of the district court is REVERSED and the case is REMANDED to the district court with instructions to REMAND the case to the Secretary for the award of benefits to the plaintiff.